[Doc. No. 33]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN H. NORTON, et al., | |
| Plaintiffs, | |
| v. | Civil No. 05-3701 (NLH) |
| MIDWEST AIRLINES, et al., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on plaintiffs' "Motion for Limited Extension of Discovery, for Expert Discovery, to Compel Deposition of Pilot and for Appointment of Mediator" [Doc. No. 33], filed by Mark S. Guralnick, Esquire, counsel for plaintiff.  In response to the motion defendants filed the Certification [Doc. No. 34] of Timothy Hourican, Esquire, of Brown Gavalas & Fromm  LLP, attorneys for defendants, Midwest Airlines, Inc., Midwest Express Airlines, Inc. d/b/a Astral Aviation, Inc. and/or Skyway Airlines, Inc., Midwest Connect, Skyway Airlines, Inc., Atral Aviation, Inc., Midwest Express Holdings, Inc. and James Rankin.  (Hereinafter collectively referred to as "defendants" or "Midwest").  The Court has exercised its discretion pursuant to Fed. R. Civ. 78 and L. Civ. R. 7.1(b)(4) to decide plaintiffs' motion without oral argument.  For the reasons to be discussed, plaintiffs' motion is DENIED.

Background

Plaintiffs filed their Complaint on July 20, 2005 [Doc. No. 1]. Plaintiffs allege that on July 23, 2003, John H. Norton ("Norton") was a passenger on an airplane owned and operated by Midwest. See Complaint at ¶20, Doc. No. 1. Plaintiffs contend that when the flight was en route between Milwaukee and Philadelphia, "it severely decreased altitude in such precipitous and sudden manner that Plaintiff John H. Norton was caused to be thrown about violently sustaining ... injuries ...." Id. at ¶22. Plaintiffs allege Norton "suffered severe head trauma and brain injury, resulting in memory loss and other neurological deficits, severe migraine headaches, spinal trauma, including disc herniations ... [and] other severe, lasting and permanent injuries of a physical, mental and psychological character." Id. at ¶24.

In order to put plaintiffs' motion in context, it is helpful to understand the scheduling history in this case. After the Complaint was filed on July 20, 2005, the case was referred to arbitration on July 28, 2005. See Docket Entries. At the Fed. R. Civ. P. 16 Scheduling Conference held on February 21, 2006, the Court established a fact discovery deadline of September 30, 2006. [Doc. No. 13]. Subsequent to the conference, defendants experienced difficulty obtaining relevant discovery from plaintiffs. This resulted in an August 21, 2006 Order compelling plaintiffs to respond to defendants' written discovery and to appear for deposition or their complaint would be dismissed. [Doc. No. 17]. Plaintiffs did not comply with the Court's Order

compelling discovery.  However, after plaintiffs alleged they did not receive the Court's August 21, 2006 Order, the Court denied defendants' request to dismiss the Complaint. [Doc. No. 20].[1] Notwithstanding these events, plaintiffs still did not comply with the applicable discovery rules.  This resulted in an Order compelling plaintiffs to answer defendants' written discovery by November 22, 2006.  See Doc. 21 at ¶1.  The Court also set a fact discovery deadline of February 28, 2007.  Id. at ¶2.  When the parties next appeared before the Court on March 20, 2007 for a status conference, they informed the Court they did not complete discovery in compliance with the Court's deadlines.  Thereafter, on March 22, 2007 [Doc. No. 24], the Court Ordered, inter alia, that the depositions of Agnar Fjordholm (pilot) and Lorie O'Connor (flight attendant) shall be taken on April 4 and 5, 2007.  The Court's Order provided that "[i]f plaintiffs do not take the depositions of Mr. Fjordholm and Ms. O'Connor as scheduled, they will be barred from taking the depositions."  At the parties' request, on April 23, 2007, the Court extended the fact discovery deadline to May 31, 2007.  See Doc. No. 27.  The Order also required plaintiffs to serve their expert reports by June 15, 2007. Id.  On September 26, 2007, an arbitration award was filed under seal.  On November 16, 2007, plaintiffs requested a trial de novo pursuant to L. Civ. R. 201.1(h). [Doc. No. 30].  On November 1,

---

1. This Court undertook responsibility for the management of the case on November 3, 2006.

2007, the Court entered a final Scheduling Order setting the Final Pretrial Conference for January 28, 2008. [Doc. No. 32].

Plaintiffs filed the instant motion on November 9, 2007. [Doc. No. 33]. Plaintiffs' motion seeks leave of court to conduct the following post-arbitration discovery:

1. Service of an expert report from Jonathan Furrow, C.P.A., C.V.A., C.F.P., "an accounting expert to access [Norton's] ... reduced earnings and earning capacity as a result of the injuries he suffered in the aircraft accident";

2. Service of an expert report of Erik Rigler, President of G Force, Inc., an "aviation expert and aircraft accident deconstructionist";

3. Additional "follow-up discovery" which includes a request for additional maintenance records, passenger lists and downloaded data from the "black box"; and

4. Deposition of Midwest's "Captain (pilot)" (presumably Agnar Fjordholm).

Plaintiff also asks the Court to Order the parties to mediation pursuant to L. Civ. R. 301.1.

Discussion

Although not cited in plaintiffs' motion, the Court's decision is framed by L. Civ. R. 201.1(h)(2), which provides:

> Upon the filing a demand for a trial _de novo_, the action shall be placed on the calendar of the Court and treated for all purposes as if it had not been referred to arbitration, <u>except that no additional pretrial discovery shall be permitted without leave of Court, for good cause shown</u>. (Emphasis supplied).

The mandate of Local Rule 201.1(h)(2) is clear and certain--no discovery shall be permitted after a demand for a trial _de novo_

4

unless leave of court is obtained upon a demonstration of good cause.  See RLA Marketing, Inc. v. Wham-O, Inc., C.A. No. 04-3442(HAA), 2007 WL 766351, at *6 (D.N.J. March 7, 2007)("according to this Court's local rules, all pretrial matters must be completed prior to arbitration as if arbitration itself were the trial").  Plaintiffs' request for additional discovery is denied because plaintiffs cannot establish good cause to take discovery that should have been completed before the parties' arbitration in September 2007.

The foregoing discussion plainly demonstrates that plaintiffs had more than a fair opportunity to complete discovery.  Plaintiffs' complaint was filed on July 20, 2005, and the arbitration was not held until more than two (2) years later.  Further, nineteen (19) months elapsed between the Rule 16 conference in February 2006 and the arbitration in 2007.  Moreover, on several occasions the Court extended the fact and expert discovery deadlines to accommodate plaintiffs' requests.  At all relevant times plaintiffs were or should have been on notice of this Court's scheduling deadlines and the provisions of the applicable Local Rules.  No justification exists to excuse plaintiffs' failure to complete discovery in compliance with the Court's deadlines.  It is noteworthy that plaintiffs are not simply asking the Court for leave to conduct what they refer to as "limited" discovery.  Plaintiffs are asking for substantial additional discovery which includes, inter alia, the service of

5

liability and damage expert reports and the deposition of the pilot of the aircraft in question.

Defendants will be substantially prejudiced if plaintiffs' motion is granted. Defendants complied with the Court's Orders and the Local Rules and already completed their discovery. If plaintiffs' motion is granted, defendants will be compelled to retain their own experts, prepare and produce responsive expert reports, depose plaintiffs' experts and defend the depositions of their own experts. Defendants may also need to conduct additional fact discovery to rebut plaintiffs' new claims. This will not only delay the ultimate resolution of the case, but it will also force defendants to incur substantial transaction costs they did not anticipate. As for the deposition of Mr. Fjordholm, it could not be clearer that plaintiffs' request must be denied. This Court's March 22, 2007 Order unequivocally indicated that plaintiffs were barred from taking the deposition if it was not completed on April 4, 2007.[2]

Plaintiffs "good cause" arguments are meritless. Plaintiffs argue, inter alia, "[t]he necessity for an aviation expert is now manifest" because "Defendants have placed liability in issue...." See Guralnick Certification at ¶5, Doc. No. 33. This statement is incredulous since defendants always vigorously contested liability in the case. In addition, plaintiffs admit

---

2. The Court is aware that due to unforeseen difficulties Mr. Fjordholm was not available on April 4, 2007. However, defendants provided plaintiffs with his address and informed plaintiffs and the Court they no longer employed Fjordholm. Thereafter plaintiffs never attempted to take the deposition.

that during the deposition of Mr. Norton, "it became evident that Defendants were taking issue with Plaintiff's assessment of his wage loss, reduced commissions and other financial setbacks." See Certification of Mark S. Guralnick, Esquire at ¶3.  Plaintiffs acknowledge, therefore, they were on notice that an expert may be needed.

Plaintiffs' attempt to excuse their failure to retain an expert by arguing that "Defendants' counsel has dangled the possibility of a forthcoming settlement offer for at least six months, and then immediately following the arbitration decision, has declined to make any settlement offer." Id.  However, plaintiffs acknowledge they were not misled in any respect. Further, the fact that plaintiffs hoped to settle the case is not a justification for their failure to comply with the Court's Scheduling Orders and the applicable Local Rules.  Indeed, plaintiffs' argument carries even less weight in light of defense counsel's recent representation that after Norton's deposition in April 2007, he requested that plaintiffs' counsel speak to his client and make a settlement demand.  No demand was conveyed until the eve of the arbitration conducted on September 20, 2007.  See Certification of Timothy Hourican, Esquire at ¶11.  If plaintiffs were genuinely interested in settling the case before the arbitration, they would not have waited until the last minute to make a settlement demand.

Plaintiffs also argue "[t]he cost of this [Mr. Furrow] expert and the other expert ... represent the other main reason

7

that Plaintiff delayed retaining these experts earlier." See Guralnick Certification at ¶4. Plaintiffs did not submit any evidence that they lacked the financial resources to retain an expert before their arbitration. The fact that plaintiffs now are prepared to retain experts or, in fact, they already retained experts, belies their argument that cost considerations justified their delay in complying with the Court's Orders.[3] Defendants also take issue with what plaintiffs refer to as "follow-up discovery." Defendants note that "plaintiff has not served a single discovery demand on defendants." Hourican Certification at ¶4. Quite simply, plaintiffs are not requesting follow-up discovery but are essentially attempting to start discovery anew.

In addition to denying plaintiffs' request to take late discovery because they have not established "good cause" to take the discovery, and the discovery will substantially prejudice defendants, there are other compelling reasons why plaintiffs' motion must be denied. The arbitration program is an essential element of the court's efforts to effectively and efficiently manage its cases. The program handles and resolves numerous cases that would otherwise tie up the court's already overcrowded docket. "The purposes of the arbitration program are to provide the parties with a quick and inexpensive means of resolving their dispute

---

3. Plaintiffs recently sent the Court a copy of a letter indicating they served defendants with their "financial" expert report. The report is a nullity since it was served after the June 15, 2007 deadline to serve expert reports. [Doc. No. 27]. This Opinion and Order denies plaintiffs' request to conduct post-arbitration discovery.

while, at the same time, reducing the Court's caseload." <u>Gilling v. Eastern Airlines, Inc.</u> 680 F. Supp. 169 (D.N.J. 1988). As set forth in the comments to the Local Rules, "at the heart of the arbitration program is the view that arbitration is a substitute for trial before the Court and is not merely a mediation process or step along the route toward trial." <u>See</u> Lite, <u>New Jersey Federal Practice Rules (Gann 2008 ed.</u>), L. Civ. R. 201.1, Comment 4. Further, "[i]f the program is to work, then, counsel must treat and approach the arbitration hearing with the same diligence and seriousness that they would any bench trial." <u>Id</u>. It is essential, therefore, that parties strictly comply with the applicable arbitration rules. If plaintiffs' motion is granted it would effectively eviscerate the good cause standard for post-arbitration discovery in L. Civ. R. 201.1(h)(2). Plaintiffs had more than a fair opportunity to conduct the relevant discovery they needed to prepare their case for trial. "In order for the compulsory arbitration program to function properly, it is essential that the parties participate in a meaningful manner." <u>Gilling</u>, <u>supra</u>. "Meaningful" participation requires parties to comply with the applicable Local Rules and complete all fact discovery before an arbitration is held. An arbitration in this court is not "a meaningless interlude in the judicial process." <u>Id</u>. at 172. In order for the arbitration program to remain viable, the Court must insist that the applicable rules be followed.

The Court also rejects plaintiffs' request to Order the parties to mediate. Pursuant to L. Civ. R. 301.1(d), this Court

has the discretion to refer the case to mediation. The Court declines to exercise this discretion. The Final Pretrial Conference is scheduled for January 28, 2008. The Court will address settlement at that time. Further, there is no impediment to the parties discussing settlement amongst themselves.

Conclusion

In view of the foregoing, and for all the foregoing reasons,

IT IS hereby ORDERED this 4th day of January, 2008, that plaintiff's Motion for Limited Extension of Discovery, for Expert Discovery, to Compel Deposition of Pilot and for Appointment of Mediator is DENIED; and

IT IS FURTHER ORDERED that all current deadlines in the case [Doc. No. 32] shall remain in effect.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge